**NOT FOR PUBLICATION**                                                                                           [1, 4]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                                    |   |                                  |
|------------------------------------|---|----------------------------------|
| HERCILIO A. NASCIMENTO,            | : |                                  |
|                                    | : |                                  |
|         Plaintiff,                 | : | Civil Action No. 06-00847 (FLW)  |
|                                    | : |                                  |
|         v.                         | : |                                  |
|                                    | : |                                  |
| MICHAEL J. ASTRUE,                 | : | OPINION                          |
| COMMISSIONER OF SOCIAL             | : |                                  |
| SECURITY,                          | : |                                  |
|                                    | : |                                  |
|         Defendant.                 | : |                                  |

**WOLFSON, United States District Judge**

Plaintiff, Hercilio A. Nascimento, appeals from the final decision of the Commissioner of Social Security ("the Commissioner"), Michael J. Astrue[1], denying Plaintiff disability benefits under the Social Security Act. The Court has jurisdiction to hear this matter pursuant to 42 U.S.C. § 405(g).

Plaintiff contends that the record reflects significant procedural errors that necessitate a remand. Specifically, Plaintiff maintains that the Administrative Law Judge, Ralph J. Muehlig ("the ALJ"), and the Appeals Council failed to properly take into account all evidence presented

---

[1]The Court notes that Michael J. Astrue became the Commissioner of Social Security on February 2, 2007. He is substituted for the former Commissioner, Jo Anne B. Barnhart, as the Defendant in this suit.

because the ALJ ignored the testimony of Plaintiff's daughter and improperly disregarded the medical reports submitted by Plaintiff's medical experts.  Alternatively, Plaintiff contends that a remand is necessary because of the existence of new medical evidence. For the reasons stated below, the Court finds that the decision of the Commissioner is supported by substantial evidence in the record, there are no significant procedural errors, and the newly presented evidence does not necessitate a remand.  Therefore, the Commissioner's decision is affirmed.

**I.     BACKGROUND**

Plaintiff, Hercilio A. Nascimento, was born on December 19, 1945.  Administrative Record ("AR.") 32.  Nascimento, who was 60 years-old at the time the ALJ and the Appeals Council issued their decisions, has an 8th grade education that he obtained in his native country, Portugal.  AR. 15.  Plaintiff's relevant past work experience includes employment as a part-owner of a liquor store from 1989 to 1999.  AR. 72, 298.  Plaintiff alleges that he has been disabled since March 1, 1999, due to pain in the upper and lower back, headaches, numbness in his hands, knee pain, shortness of breath, chest pain, dizziness, nervousness, depression, and trouble concentrating.  AR. 71-77, 82-89.

**A. Procedural History**

On March 19, 2004, Plaintiff filed an application for Social Security Disability benefits. AR. 58-61.  The application was denied initially and upon reconsideration.  AR. 31-32. Following the denial of his application, Plaintiff requested a hearing before an ALJ.  AR. 39. The administrative hearing occurred on November 23, 2005.  AR. 15.  Plaintiff testified at the hearing and was represented by Joel M. Solow, Esq.  Id.  Subsequently, on January 3, 2006, the ALJ issued a decision in which he determined that Plaintiff was not disabled under the Social

Security Act. AR. 29. Plaintiff petitioned the Social Security Appeals Council for review, but the Appeals Council denied Plaintiff's petition on February 9, 2006, rendering the ALJ's decision the final decision of the Commissioner. AR 7-9. This appeal followed.

### B. Plaintiff's Testimony

At the administrative hearing, Plaintiff testified that he has been unable to work since March of 1999. AR. 297. Before that, he worked as a part-owner of a liquor store for 11 ½ years. AR. 298. Plaintiff has since sold his interest in the liquor store because of his inability to work. Id. He explained that he had to stop working at the store because he was no longer capable of the heavy tasks required by the job, which involved frequent lifting and loading of alcoholic beverages, sometimes weighing 165 pounds. AR. 299-300. He also testified that he has trouble sleeping, which left him fatigued and further contributed to his inability to carry out his employment. AR. 300. Plaintiff also noted that he felt numbness in his hands, loss of strength in his right leg, inability to bend his back to lace his shoes and occasional problems moving his neck. AR. 301-03, 305. In addition, he suffered from headaches, prostate problems that caused frequent urination, and depression. AR. 303-06. He explained that he has had numerous surgeries in attempts to correct his various ailments related to his hernia, prostate, wrists, and spine. AR 301-05. Despite these surgeries, Plaintiff contended that he still has constant pain, reduced movement in his neck and back, frequent urination, and recurring numbness in his left wrist, as well as a general lack of strength in his hands. AR 307, 311.

Notwithstanding his testimony at the administrative hearing, Plaintiff stated in his disability application that his employment at the liquor store required a maximum lifting weight of 50 pounds, and a frequent lifting weight of 25 pounds. AR. 79. He also averred in his

application that he needs constant rest to relieve his pain, and that he does very little around the house because he cannot even open a door, walk up the stairs, bend/move his neck, bend his knees, move his arms, or walk, stand, or sit for prolonged periods of time without worsening his pain. AR. 82-89. He lives with his wife and two of his three children, who provide care for him on a daily basis. AR. 90-91, 310.

### C. Witness Testimony

At the administrative hearing, Plaintiff's daughter, Jennifer Nascimento, testified about her father's physical condition. AR. 313-315. She testified that Plaintiff could not mow the lawn or do any kind of yard work, both before and after his surgeries. AR. 314-315. He also could not clean the garage or carry the vacuum cleaner up and down the stairs. AR. 314. In general, according to Ms. Nascimento, Plaintiff cannot attempt any kind of heavy lifting because of his back pain and a lack of sensation in his hands. AR. 315.

### D. Medical Evidence

According to the record, Plaintiff has been treated since January 12, 2001 by Dr. Nasser Ani, a board-certified orthopedic surgeon. At first, Dr. Ani diagnosed Plaintiff with disc herniation of the cervical spine with some cervical radiculopathy. AR. 219. A subsequent MRI revealed disc degeneration and foraminal stenosis at C5-6 and C4-5 with minimal bulge at C6-7 and a smaller herniation at C3-4. AR. 213. At that point, Dr. Ani recommended anterior cervical discectomy and fusion, a surgical procedure. Id. Plaintiff underwent surgery on March 15, 2001. AR. 118. Post-surgical evaluations by Dr. Ani stated that Plaintiff responded well to surgery and that most of the symptoms that he had prior to surgery were completely gone. AR 206-08. On November 12, 2001, however, Plaintiff complained of persistent numbness and tingling in his

fingers, and Dr. Ani diagnosed him with mild-to-moderate bilateral carpal tunnel syndrome.  AR. 205.  A follow-up examination confirmed the carpal tunnel diagnosis, and Dr. Ani recommended surgery.  AR. 202.  The examination also revealed some degenerative changes in the lower back.  Id.  Plaintiff underwent carpal tunnel release surgery on his right wrist on January 8, 2002, AR. 134, and the same surgery on his left wrist on January 31, 2002.  AR. 144.  Subsequent examinations from February 11, 2002 to May 5, 2003 by Dr. Ani revealed that Plaintiff responded well to the carpal tunnel release surgeries with both hands feeling no numbness.  AR. 198-200.  Dr. Ani also reported no complications with the cervical procedure, and the degenerative changes in the lower back appeared to remain stable.  Id.

Plaintiff was also treated by Dr. John H. Lifland, a urologist, for his prostate problems.  In an examination report dated January 27, 2004, Dr. Lifland took a detailed history of Plaintiff's prostate conditions, and diagnosed him with BPH, persistent microhematuria, and chronic prostatitis with variable PSA.  AR. 261.  At the time, Dr. Lifland proscribed Flomax to help with urination, and determined that surgery was not necessary.  Id.  On a follow up examination on October 14, 2004, Plaintiff continued to complain of problems with urination, and Dr. Lifland suggested that surgery might be necessary, but Plaintiff's test results were puzzling.  AR. 256.  Dr. Lifland also noted Plaintiff's reluctance to consent to surgery.  Id.  However, on a disability report completed by Plaintiff, dated January 19, 2005, Plaintiff stated that he did, in fact, have a prostate operation on November 22, 2004.  AR. 113.

On the advice of counsel, Plaintiff was examined by four other physicians.  On March 12, 2004, Plaintiff was given a psychological evaluation by Dr. Paul Fulford, a licensed psychologist, for the purpose of obtaining an estimate of Plaintiff's cognitive functioning and basic skill levels,

and to render an opinion as to Plaintiff's employability and the nature, extent, and causality of any cognitive or emotional disability. AR. 220-222. Plaintiff was found to be adequately proficient in conversational English; oriented to time, place, and person; with normal intelligence; and with good planning and organizational abilities. Id. However, Plaintiff appeared to suffer from a degree of an affective disorder with a depressed mood, but there were no symptoms of sufficient severity to justify a diagnosis of major depression. AR. 221. Dr. Fulford diagnosed Plaintiff with Dysthymic Disorder with a GAF (Global Assessment of Functioning) of 70 out of 100. AR. 222. Despite these results, however, Dr. Fulford opined that it was unlikely that Plaintiff would be able to return to his previous employment, or be retrained in a reasonable amount of time for similar employment. AR. 221.

On March 24, 2004, Plaintiff was evaluated by Dr. Robert T. Latimer, a board-certified psychiatrist. AR. 227-229. Plaintiff was found to have normal memory, orientation, judgment, insight, concentration, and attention span, as well as normal intellectual capacity. AR. 228. Although he was anxious and depressed, Plaintiff did not exhibit any psychotic trends. Id. Thus, Dr. Latimer diagnosed Plaintiff with an adjustment disorder with anxiety/depression, and similar to Dr. Fulford, opined that Plaintiff was totally and permanently disabled as a psychophysiological working unit. AR. 229.

On March 25, 2004, Plaintiff was examined by Dr. I. Ahmad, a board-certified orthopedic surgeon. Dr. Ahmad found Plaintiff to have weakness in both wrists and the right leg, and restricted movement and flexion in the wrists, right knee, and the spine. AR. 231. Scarring was also present, indicative of prior surgery. Id. Dr. Ahmad diagnosed Plaintiff with (1) spinal sprain; (2) arthritis and myositis; (3) bilateral carpal tunnel syndrome and surgical release; (4)

internal derangement of right knee with arthroscopy; and (5) cervical fusion. Id. Dr. Ahmad concluded that Plaintiff is totally disabled as a physiological unit. AR. 232.

On May 10, 2004, Plaintiff was examined by the last of the four physicians recommended by counsel. Dr. Sidney F. Friedman, a board-certified internist, found accentuation of bronchopulmonary as well as interstitial markings bilaterally within the lungs, and mild restriction of pulmonary functions. AR. 225-26. Dr. Friedman diagnosed Plaintiff with combined restrictive and obstructive airways disease, and estimated that Plaintiff was 35% disabled as a result of dirt, dusts, chemicals and other pulmonary irritants at the liquor store. AR. 225. The report noted, however, that poor initial effort by Plaintiff during testing may have affected the accuracy of the test results. AR 226.

At the request of the Disability Determination Services (DDS), Plaintiff underwent a consultative examination that was conducted by Dr. Anju Rustagi on July 20, 2004. AR. 243-47. The report noted that Plaintiff was alert, oriented, cooperative, and fluent in speech. AR. 244. His gait was heel-to-toe with good swing phase and foot clearance. Id. He was able to walk on his heels and perform a squat. Id. There was no obvious atrophy, deformity, crepitus, ecchymosis or edema present. Id. His manual muscle testing was 5/5 in the bilateral arms and legs in all major muscle groups, and his muscle stretch reflexes were 1+ in the biceps, triceps, brachioradialis, quadriceps, and achilles. Id. His plantars were bilaterally downgoing, and his sensations were intact to light touch and pinprick in bilateral arms and legs in all peripheral and dermatomal distributions. Id. An examination of Plaintiff's left shoulder revealed presence of pain, but external rotation and impingement signs were negative, and his right shoulder was essentially normal. Id. His straight leg raises were negative in the sitting and supine positions,

but tightness in his bilateral hamstrings and quadriceps was present.  Id.  Examination of his knees revealed no effusion, warmth, redness, or ecchymosis.  Id.  His patellar facettes and patellar tendon were non-tender, and his medial and lateral joint lines were also non-tender.  Id.  His MCL, LCL, and joint capsules appeared to be intact on stressing the knee 0 to 30 degrees, and his anterior and posterior Drawer tests were negative.  Id.  Examination of his hands revealed no atrophy, no intrinsic atrophy, redness, or ecchymosis, and the Phalen's test, carpal compression and Tinel's tests were negative for any paresthesisas.  AR. 245.  His grip was found to be 20 pounds bilaterally.  AR. 246.  Based on these results, Dr. Rustagi found Plaintiff to have functional limitations.  AR. 245.

Dr. R. T. Walsh, a state agency medical consultant, performed a physical residual functional capacity assessment on Plaintiff on August 17, 2004.  AR. 248-55.  Plaintiff was found to be able to lift and/or carry up to 50 pounds occasionally and 25 pounds frequently, stand and/or walk about 6 hours in an 8-hour workday, and sit for a total of about 6 hours in an 8-hour workday.  AR. 249.  Plaintiff had no limitations in pushing and pulling, including operation of hand and foot controls.  Id.  Plaintiff was also found fully capable of climbing, balancing, stooping, kneeling, crouching, and crawling.  AR. 250.

Finally, Dr. Harlan Mellk, a board-certified internist, testified for the agency at the administrative hearing.  AR. 315-321.  Dr. Mellk testified that, after reviewing all of the medical record, Plaintiff's cervical fusion appeared to be successful, AR. 317, and that there was no evidence of Plaintiff having a serious lower-back problem.  AR. 318-19.

## II.   DISCUSSION

### A. Standard of Review

On a review of a final decision of the Commissioner of the Social Security Administration, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); see Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's decisions as to questions of fact are conclusive upon a reviewing court if supported by "substantial evidence in the record." 42 U.S.C. § 405(g); see Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000). While the court must scrutinize the entire record to determine whether the Commissioner's findings are supported by such evidence, Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978), the standard is "highly deferential." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). Indeed, "substantial evidence" is defined as "more than a mere scintilla," but less than a preponderance. McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). "It means such relevant evidence as a reasonable mind might accept as adequate." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). A reviewing court is not "empowered to weigh the evidence or substitute its conclusions for that of the factfinder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Accordingly, even if there is contrary evidence in the record that would justify the opposite conclusion, the Commissioner's decision will be upheld if it is supported by the evidence. See Simmonds v. Heckler, 807 F.2d 54, 58 (3d Cir. 1986).

**B. Standard for Entitlement of Benefits**

Disability insurance benefits may not be paid under the Social Security Act unless Plaintiff first meets the statutory insured status requirements. See 42 U.S.C. § 423©. Plaintiff must also demonstrate the "inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); see Plummer, 186 F.3d at 427.  An individual is not disabled unless "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A).

      The Social Security Act establishes a five-step sequential process for an ALJ's evaluation of whether a person is disabled.  See 20 C.F.R. § 404.1520.  First, the ALJ determines whether the claimant has shown that he is not currently engaged in "substantial gainful activity."  20 C.F.R. § 404.1520(a); see Bowen v. Yuckert, 482 U.S. 137, 146-47 n.5 (1987).  A claimant currently engaged in substantial gainful activity is automatically denied disability benefits.  See 20 C.F.R. § 404.1520(b); see also Bowen, 482 U.S. at 140.  Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his physical or mental ability to do basic work activities.  20 C.F.R. § 404.1520©; see Bowen, 482 U.S. at 146-7 n.5.  Basic work activities relate to "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. § 404.1521(b).  These activities include physical functions such as "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." Id.  A claimant who does not have a severe impairment is not disabled.  20 C.F.R. § 404.1520©; see Plummer, 186 F.3d at 428.  Third, if the impairment is found to be severe, the ALJ determines whether the impairment meets or is equal to the impairments listed in 20 C.F.R. Pt. 404, Subpt. P., App. 1 (the "Impairment List").  20 C.F.R. § 404.1520(a)(4)(iii).  If the

claimant demonstrates that his impairments are equal in severity to or meet those on the Impairment List, the claimant has satisfied his burden of proof and is automatically entitled to benefits.  See 20 C.F.R. § 404.1520(d); see also Bowen, 482 U.S. at 146-47 n.5.  If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied, and the claimant must prove at step four whether he retains the residual functional capacity to perform his past relevant work.  20 C.F.R. § 404.1520(d); Bowen, 482 U.S. at 141.  If the claimant is able to perform his previous work, the claimant is determined to not be disabled.  20 C.F.R. §§ 404.1520(e), 416.920(e); Bowen, 482 U.S. at 141-42.  The claimant bears the burden of demonstrating an inability to return to the past relevant work.  Plummer, 186 F.3d at 428.  Finally, if it is determined that the claimant is no longer able to perform his previous work, the burden of production then shifts to the Commissioner to show, at step five, that the "claimant is able to perform work available in the national economy."  Bowen, 482 U.S. at 146-47 n.5; Plummer, 186 F.3d at 428.  This step requires the ALJ to consider the claimant's residual functional capacity, age, education, and past work experience.  20 C.F.R. § 404.1520(f).  The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether the claimant is capable of performing work and not disabled.  Id.

      **C. Decision and findings of the ALJ and the Appeals Council**

In the instant matter, the ALJ found that Plaintiff failed to overcome the burden of proof required at step four of the five-step test.  After careful consideration of the record, the ALJ made the following findings:

    1.    The claimant meets the non-disability requirements for a Period of Disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through December 31, 2004.

    2.       The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

    3.       The claimant's orthopedic impairments are "severe" impairments, based on the requirements in the Regulations. 20 C.F.R. § 404.1520©.

    4.       These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

    5.       The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

    6.       The claimant has the following residual functional capacity: medium exertional work.

    7.       The claimant's past relevant work as a liquor store owner and retail/stock clerk did not require the performance of work-related activities precluded by his residual functional capacity. 20 C.F.R. § 404.1565.

    8.       The claimant's medically determinable impairments do not prevent the claimant from performing his past relevant work.

    9.       The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision. 20 C.F.R. § 404.1520(f).

AR. 29.

The ALJ's decision became the final decision of the Commissioner on February 9, 2006. AR. 7.

### D. Plaintiff's arguments on appeal

On appeal, Plaintiff contends that the ALJ and the Appeals Council erred by failing to properly take into account all evidence presented because the ALJ ignored the testimony of Plaintiff's daughter and improperly disregarded the medical reports from Plaintiff's medical experts. Plaintiff's Brief ("Pl. Br.") at 9-18. In addition, Plaintiff presents new medical evidence regarding his disability. Pl. Br. at 19-20. For these reasons, Plaintiff asserts that the Court

should reverse the Commissioner's decision and remand the case for a new hearing so that all evidence can be properly reviewed. For the reasons stated below, the Court finds that a remand is not necessary, and therefore, the Commissioner's decision is affirmed.

> **1.     Whether the ALJ and the Appeals Council erred by failing to consider all evidence presented**

Plaintiff contends that because the ALJ did not explicitly reference or discuss testimony by Plaintiff's daughter, Jennifer Nascimento, in his decision, and afforded little significance to the medical reports from three of Plaintiff's medical experts, the ALJ failed to properly consider all evidence presented when he determined that Plaintiff was able to return to past relevant work. Pl. Br. at 9-18. The Court disagrees.

In determining whether a claimant retains sufficient Residual Functional Capacity to return to past relevant work, the burden of proof is on the claimant to demonstrate his or her inability to perform such work. Plummer, 186 F.3d at 428. In deciding whether the claimant has satisfied his or her burden of proof, the ALJ must review all of the medical findings and other evidence presented. Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994). The ALJ must consider and weigh all of the non-medical evidence before him, including claimant's allegations of pain, Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 122 (3d Cir. 2000), but "allegations of pain and other subjective symptoms must be supported by objective medical evidence." Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999) (citing 20 C.F.R. § 404.1529). As long as the ALJ's conclusion is supported by substantial evidence in the record, the Court is bound by the ALJ's decision. Knepp, 204 F.3d at 83. While the ALJ may reject medical evidence due to its boilerplate nature, the ALJ is required to consider all aspects of a case before rejecting such

evidence.  Miller v. Comm'r of Soc. Sec., 172 F.3d 303, 305-06 (3d Cir. 1999).  The ALJ, however, should be afforded substantial discretion to give little weight to a medical report if such report does not reflect the specific applicant's condition and is not supported by other evidence.  Id.  A physician's ultimate conclusion on disability is not binding on the ALJ.  Id. at 306-07.

In this case, it was not error for the ALJ to not discuss Ms. Nacimento's testimony.  Ms. Nascimento was not a medical expert, presented no objective medical evidence, and provided no testimony regarding Plaintiff's subjective symptoms that had not already been claimed by Plaintiff himself.  Her testimony served to merely corroborate Plaintiff's own allegations.  AR. 82-89, 313-315.  In making his decision, the ALJ had already considered and rejected Plaintiff's allegations of pain and other symptoms, finding them not totally credible and unsubstantiated by the objective medical evidence presented.  AR. 27-28.  The Court finds this determination supported by substantial evidence in the record.  Once the ALJ rejected Plaintiff's subjective complaints by concluding that they were not supported by objective medical evidence, Ms. Nascimento's testimony, which echoed that of her father, added nothing to the record.

Regarding the medical reports submitted by Doctors Ahmad, Friedman, and Latimer, the Court also finds that the ALJ properly considered the weight to be attached to those reports before issuing a decision.  The ALJ held in his decision that in fully reviewing those reports, he found them strikingly similar to other reports authored by these same experts in numerous unrelated cases.  AR. 26.  On that basis, the ALJ found that these doctor's pro forma type of reports undermined the credibility and objectivity of their findings and conclusions.  AR. 26.  Moreover, the ALJ stated that he has personally reviewed dozens of reports by Dr. Latimer over many cases spanning the years, and in his experience, Dr. Latimer always declares the claimants

to be totally and permanently disabled, regardless of the objective findings of the reports. AR. 27. Further, substantial evidence in the record supports the ALJ's findings. For example, Dr. Ahmad found Plaintiff to have certain physical limitations consistent with Plaintiff's medical history, yet he concluded Plaintiff was totally disabled without elaborating how he came to that conclusion based on his objective findings. AR 231-32. Dr. Latimer found Plaintiff to be of normal intelligence and to have normal memory, orientation, judgment, insight, concentration, and attention span without any psychotic trends, yet he also concluded that Plaintiff was totally disabled. AR. 228-29. Lastly, Dr. Friedman found Plaintiff to be 35% disabled, AR. 225, and Dr. Fulford found Plaintiff to have a GAF of 70 out of 100, yet they declared Plaintiff was unable to return to his previous employment, and also unlikely to find other similar employment. AR 221-22.

     Contrary to the findings of Plaintiff's medical experts, all the evidence in the record points to the conclusion of the agency consultant, Dr. Rustagi, that Plaintiff has functional limitations, not total disability. AR 245. The conclusions in the medical reports of Doctors Ahmad, Friedman and Latimer simply did not reflect the objective findings of Plaintiff's specific conditions, nor were they supported by any other evidence in the record. As such, the ALJ gave proper weight to their conclusions, and the ALJ's determination that Plaintiff failed to prove his inability to return to past relevant work is amply supported by the record.

     It should also be noted that medical reports by Doctors Ahmad, Friedman and Latimer have been rejected repeatedly by courts in the past. See Hernandez v. Comm'r of Soc. Sec., 198 Fed.Appx. 230, 233-34 (3d Cir. 2006) (upholding the ALJ's decision to reject Dr. Latimer's report); Cruz-Santos v. Callahan, No. 97-439, 1998 WL 175936, at *3 (D.N.J. Apr. 7, 1998)

(rejecting Dr. Latimer's report); William v. Sullivan, 970 F.2d 1178, 1189-90 (3d. Cir. 1992) (Garth, Cir. J., concurring) (noting the boilerplate nature of Dr. Ahmad's reports); Franklin v. Heckler, 598 F.Supp. 784, 789 (D.N.J. 1984) (finding reports by Drs. Ahmad and Friedman thinly supported by objective medical evidence)[2]; Miller, 172 F.3d at 306 (finding the ALJ properly rejected Dr. Friedman's report); Register v. Bowen, No. 83-1666, 1989 WL 65625 at *10 (D.N.J. Jun. 13, 1989) (rejecting medical reports from Drs. Latimer, Ahmad, and Friedman).

The Court holds that there was substantial evidence in the record supporting the ALJ's conclusions that Plaintiff's subjective complaints were not credible, even with Ms. Nascimento's corroborating testimony.  Furthermore, the ALJ did not err in discounting medical reports from Doctors Ahmad, Friedman and Latimer, particularly when these boilerplate-type of reports were not supported by the objective medical evidence.  Therefore, the Court finds that the ALJ properly considered all evidence presented before him, and further, the ALJ's determination of Plaintiff's RFC is  reasonable and valid.

        **2.**        **Whether the new evidence presented by Plaintiff warrants a remand**

In this appeal, Plaintiff presents additional evidence, in the form of MRI scans of his lower back, and contends that the new evidence warrants a remand.  The Court disagrees.  "[The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is

---

[2] Plaintiff contends in his brief that this case has been reversed and remanded by the Court of Appeals.  Pl. Br. at 17.  However, there is no record of an opinion rendered for an appeal of this case.  Furthermore, while Defendant's brief noted negative treatment of this case by the Third Circuit Court of Appeals in Miller, the Circuit Court never directly criticized the District Court's rejection of Drs. Ahmad and Friedman's reports.  172 F.3d at 305.  On the contrary, the Circuit Court acknowledged the boilerplate nature of those reports.  Id.

good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" Matthews, 239 F.3d at 593 (citing 42 U.S.C. § 405(g)). This requires the claimant to establish that: (1) the additional evidence is new and not merely cumulative of what is already in the record; (2) the evidence is relevant and probative; (3) there is a reasonable possibility that the additional evidence would change the outcome of the Commissioner's determination; and (4) good cause exists for not having incorporated the new evidence into the administrative record. Szubak v. Sec'y of Health and Human Serv., 745 F.2d 831, 833 (3d Cir. 1984); see also Matthews, 239 F.3d at 595 ("If [the courts] were to order remand for each item of new and material evidence, we would open the door for claimants to withhold evidence from the ALJ in order to preserve a reason for remand").

In this case, Plaintiff failed to establish any reason why the additional evidence presented should warrant a remand. Plaintiff merely presented the new MRI scans, summarized the results, and stated that the Social Security Act makes an explicit provision for submission of new evidence, without stating any reasons why such evidence should be considered. Pl. Br. at 20-21. The additional evidence is not "new" because the ALJ already considered Plaintiff's claim of lower back problems at the administrative hearing. AR. 318-20. There is also no reasonable possibility that the additional evidence would change the outcome because Plaintiff did not explain how he was adversely affected by this supposed new condition. Finally, Plaintiff did not demonstrate good cause for his failure to present these new MRI scans at the administrative hearing. Nothing in the record indicates that Plaintiff could not have obtained these scans before the administrative hearing. To the contrary, the record clearly indicates that Plaintiff was aware of his lower back problems before the hearing. AR 319-20. The Plaintiff failed to establish the

requirements necessary to consider a remand based on new evidence, and therefore, the Court will not remand the case based on this additional evidence.

### III.  CONCLUSION

For the reasons set forth above, the Court finds that the ALJ's decision is supported by substantial evidence in the record.  Accordingly, the decision is affirmed and Plaintiff's Complaint is dismissed in its entirety.

An appropriate Order shall follow.


/s/   Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge

Date: June 15, 2007